UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BLACK,

                Plaintiff,          Civil Action No. 14-13581
                                               Honorable Mark A. Goldsmith
v.                                           Magistrate Judge David R. Grand

MICHAEL BOUCHARD and
CORRECT CARE SOLUTIONS,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
PETITION FOR EMERGENCY INTERVENTION [13]**

On September 16, 2014, Plaintiff James Black, who is an inmate at the Oakland County Jail, filed his complaint in this case pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights. (Doc. #1). More specifically, Black alleges in his complaint that during his incarceration he has been forced to sleep on a concrete floor, suffered shoulder and leg pain as a result, and was not provided with adequate medical care for those infirmities. He also alleges that his due process rights were violated when he was denied the opportunity to challenge the inclusion of "negative events" (i.e., violations) in his file. On October 8, 2014, this case was referred to the undersigned for all pretrial purposes. (Doc. #7).

**Black's Petition for Emergency Intervention**

On October 28, 2014, Black mailed his instant "Petition for Emergency Intervention." (Doc. #13). In his Petition, Black alleges that, on October 26 and 27, 2014, he was denied adequate medical care for pain and bleeding he was experiencing in his right ear. (Doc. #13 at 1-2). Black further alleges that Defendant Corrective Care Solutions' conduct, in refusing him "proper and adequate medical treatment" on these two dates, was in retaliation for his filing this

civil action. (*Id.* at 2).¹ Black requests "whatever relief this court can give [him] in getting some medical treatment for [his] ear." (*Id.* at 3). For the reasons discussed below, Black's Petition should be denied.²

**Analysis**

First, to the extent Black asks this Court to order any particular form of medical care, that request is not proper and should be denied. As the United States Supreme Court has recognized:

> courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. As the *Martinez* Court acknowledged, "the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree." Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have, as we indicated in Martinez, additional reason to accord deference to the appropriate prison authorities.

*Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (internal citations omitted). *See also Bell v. Wolfish*, 441 U.S. 520, 562 (1979) (courts must give great deference to jail administrators as to prison operations to avoid becoming "enmeshed in the minutiae of prison operations."); *Kendrick v. Bland*, 740 F.2d 432, 438 & n.3 (6th Cir. 1984). Black, who admits he was seen by a nurse, has failed to show that the Court should deviate from these principles here.

Second, Black cannot use the existence of his present civil action as a vehicle to immediately challenge any perceived wrong he suffers. Rather, while Black, like any inmate, is

---

¹ However, Black admits that on the evening of October 27, 2014, he "was sent to medical were [sic] a nurse looked into [his] ear and stated [he] was fine." (*Id.* at 1). Black surmises that this treatment was retaliatory in nature, but he provides no evidence to support such accusation. *Chance v. Tennessee*, 47 Fed. App'x. 762, 763 (6th Cir. 2002).

² Because Black requests injunctive relief, the Court proceeds by way of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(B).

entitled to constitutional treatment while in custody and may not be unlawfully retaliated against, he must follow the proper procedures to challenge his treatment and the conditions of his confinement. Under the Prison Litigation Reform Act ("PLRA"), before a prisoner may bring a claim "under [§1983] or any other Federal law" challenging his conditions of confinement, he must have properly exhausted all available administrative remedies. 42 U.S.C. §1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). In determining whether a plaintiff has properly exhausted his claim, the only relevant rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 200 (2007). In this case, it is clear that the Oakland County Jail does, in fact, have a grievance process, as Black alleged in his complaint that he previously filed an inmate grievance against CCS for failure to adequately treat his chronic leg and shoulder pain. (Doc. #1 at 9). *See also Spaulding v. Oakland County Jail Medical Staff*, 2007 WL 2336216, at *2 (Aug. 15, 2007); *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006).

With respect to the allegations contained in Black's Petition for Emergency Intervention, it is abundantly clear that he has not exhausted his administrative remedies. Black alleges that he was denied adequate medical treatment for his right ear pain and bleeding on October 26 and 27, 2014. He mailed his instant Petition to the Court on October 28, 2014. Thus, even if Black had filed a grievance challenging CCS' conduct – which there is no indication he did – it simply is not possible that he pursued such a grievance through the grievance process in the span of forty-eight hours. Again, if Black wishes to challenge the matters at the heart of his instant petition, he must do so through the appropriate grievance procedures.

Finally, Black's Petition cannot properly be considered a motion to add a supplemental claim. "A supplemental pleading cannot be used to introduce a separate, distinct and new cause

of action." *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Ca. 2008).  Instead, the plaintiff must allege facts showing "some relationship or linkage between the claims asserted in the original complaint and the supplemental claims."  *Imelmann v. Michigan Dep't of Corr.*, 2012 WL 2917514, at *1 (E.D. Mich. July 17, 2012).  Black clearly has fails to meet that standard here.

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Black's Petition for Emergency Intervention (**Doc. #13**) be **DENIED.**

**IT IS SO ORDERED.**

Dated: November 7, 2014                             s/David R. Grand
Ann Arbor, Michigan                                  DAVID R. GRAND
                                                     United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.

*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2014.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
