UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BLACK, 775188,

       Plaintiff,

vs.

MICHAEL BOUCHARD, et al.,

       Defendants.
_____/

Civil Action No.
14-CV-13581

HON. MARK A. GOLDSMITH

**ORDER
ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE DATED NOVEMBER 7, 2014 (Dkt. 14)
and DENYING PLAINTIFF'S PETITION FOR
EMERGENCY INTERVENTION (Dkt. 13)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge David R. Grand, issued on November 7, 2014 (Dkt. 14). In the R&R, the Magistrate Judge recommends that the Court deny Plaintiff's petition for emergency intervention (Dkt. 13), which Plaintiff filed seeking medical treatment from the medical staff at the Oakland County Jail.[1]

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter");

---

[1] Plaintiff asks the Court for "whatever relief this Court can give [him] in getting some medical treatment for [his] ear." Pl. Pet. at 3. The Court interprets Plaintiff's request as one for injunctive relief.

Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Furthermore, after the R&R was issued, Plaintiff filed a notice of change of address, with his new address being a detention facility in Nevada. See Notice of Change of Address (Dkt. 17).[2] "It is well established that 'a prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility.'" Herrera v. Mich. Dep't of Corrections, No. 10-11215, 2011 WL 3862640, at *3 (E.D. Mich. July 22, 2011) (quoting Thompson v. Carter, 284 F.3d 411, 415 (2d Cir. 2002)); see also Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996) (finding a prisoner's request for injunctive relief moot because the prisoner was "no longer confined to the institution" where the challenged actions occurred). Therefore, the Court denies Plaintiff's petition for this additional reason.

Accordingly, the Court denies Plaintiff's petition for emergency intervention (Dkt. 13).

---

[2] The R&R was originally sent to Plaintiff at the Oakland County Jail, but it was returned as undeliverable. See Dkt. 18. The Magistrate Judge sent the R&R to Plaintiff at his new location — in Nevada — on November 18, 2014. That mailing has not been returned as undeliverable.

SO ORDERED.

Dated: January 16, 2015         s/Mark A. Goldsmith
         Detroit, Michigan        MARK A. GOLDSMITH
                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2015.

                                  s/Johnetta M. Curry-Williams
                                  Case Manager