UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BLACK,

                Plaintiff,         Civil Action No. 14-13581
                                          Honorable Mark A. Goldsmith
v.                                              Magistrate Judge David R. Grand

MICHAEL BOUCHARD and
CORRECT CARE SOLUTIONS,

                Defendants.
_____/

### REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT [1] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b), AND TO DENY DEFENDANTS' MOTIONS TO DISMISS [21, 27] AND TO COMPEL [32] AS MOOT

**I.    PROCEDURAL HISTORY**

On September 16, 2014, Plaintiff James Black, then an inmate at the Oakland County Jail, filed a complaint against Defendants Michael Bouchard ("Bouchard") and Correct Care Solutions ("CCS") (collectively "Defendants"), pursuant to 42 U.S.C. §1983, alleging violations of his Eighth and Fourteenth Amendment rights. (Doc. #1). This case was referred to the undersigned for all pretrial purposes. (Doc. #7).

On September 17, 2014, the District Court issued a Notice reminding the parties that they are required, pursuant to Eastern District of Michigan Local Rule 11.2, to promptly notify the clerk and all other parties whenever their address or contact information changes. (Doc. #3). On November 14, 2014, Plaintiff filed a Notice of Change of Address, indicating that he was then incarcerated at the Nevada Southern Detention Center in Pahrump, Nevada. (Doc. #17). Consequently, when CCS filed its motion to dismiss on December 3, 2014 (Doc. #21), the Court mailed an Order Requiring Response to Plaintiff at this Nevada address. (Doc. #22 and 12/4/14 Text-Only Certificate of Service). The Court's Order indicated that the deadline for Plaintiff's

response to CCS' motion was December 29, 2014, and specifically advised Plaintiff that, "**Failure to file a response may result in a recommendation that Defendant's motion be granted as unopposed and/or that Plaintiff's case be dismissed.**" (Doc. #22 at 1 (emphasis in original)). Reviewing the docket, there is no indication that Plaintiff did not receive this Order.

In the meantime, however, on December 8, 2014, the Court received a Notice of Change of Address from Plaintiff, listing a new address in Portland, Oregon. (Doc. #23). Consequently, on December 11, 2014, the Court re-mailed to Plaintiff a copy of CCS' motion and its Order Requiring Response to that address. (12/11/14 Text-Only Certificate of Service). On December 29, 2014, however, this mail was returned as undeliverable. (Doc. #25). As a result, to ensure that every effort was made to provide Plaintiff with the relevant pleadings, the Court issued a Notice of Order Requiring Response to Defendant's Motion to Dismiss on January 7, 2015, and sent that Notice – along with the Court's prior Order Requiring Response and a copy of Defendant's Motion to Dismiss – to Plaintiff's new address in Oregon. (Doc. #26 and 1/7/15 Text-Only Certificate of Service). On January 29, 2015, this mail too was returned to the Court as undeliverable. (Doc. #31).

In addition, Bouchard filed a motion to dismiss on January 13, 2015. (Doc. #27). The next day, the Court issued an Order Requiring Response, indicating that the deadline for Plaintiff's response to Bouchard's motion was February 6, 2015, and again specifically advising Plaintiff that, "**Failure to file a response may result in a recommendation that Defendant's motion be granted as unopposed and/or that Plaintiff's case be dismissed.**" (Doc. #28 at 1 (emphasis in original)). The Court mailed this Order to Plaintiff's address on file, but on February 4, 2015, it also was returned to the Court as undeliverable. (Doc. #33). Although it appears that Plaintiff is no longer residing at the most recent address he provided to the Court (in

Portland, Oregon), he has not advised the Court of a new address.

On February 12, 2015, when Plaintiff still had not responded to either defendant's motion to dismiss, or provided the Court with his new address, the Court issued an Order to Show Cause, ordering Plaintiff to show cause, in writing, on or before February 27, 2015, why this Court should not recommend that his complaint be dismissed for failure to prosecute. (Doc. #34). In that Order, Plaintiff was warned that his "failure to comply with this Order will result in a recommendation that his case be dismissed." (*Id.* at 4). On February 25, 2015, this Order to Show Cause also was returned to the Court as undeliverable. (Doc. #35).

## II.  ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. The Court expressly warned Plaintiff that his case could be dismissed with prejudice if he failed to apprise the Court of any address changes, to file responses to Defendants' motions to dismiss, or to respond to the Court's Order to Show Cause. (Docs. #3, 34). Nevertheless, Plaintiff has failed to update his contact information or respond to the pending dispositive motions, meaning that the first[1] and third factors weigh in favor of dismissal. As to the second factor, the defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Plaintiff's apparent abandonment of his claims. This is particularly true where

---

[1] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.*

4

both Defendants have filed dispositive motions, to which Plaintiff has failed to respond. And, finally, given Plaintiff's repeated failures to comply with this Court's rules and orders, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Plaintiff has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's complaint **[1]** be **DISMISSED WITH PREJUDICE,** and that Defendants' Motions to Dismiss **[21, 27]** and Motion to Compel [32] be **DENIED** as **MOOT**.

Dated: March 16, 2015  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 16, 2015.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager