UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BLACK, # 775188,

    Plaintiff,

Case No. 14-CV-13581

vs.

HON. MARK A. GOLDSMITH

MICHAEL BOUCHARD,
et al.

    Defendants.
_____/

**ORDER
(1) ACCEPTING IN PART AND REJECTING IN PART THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED MARCH 16, 2015 (Dkt. 36), (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, AND (3) DENYING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 21, 27) and MOTION TO COMPEL (Dkt. 32) AS MOOT**

    This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge David R. Grand, issued on March 16, 2015 (Dkt. 36).  In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's Complaint with prejudice in light of Plaintiff's failure to (i) respond to the pending dispositive motions and show cause order, and (ii) provide an updated address at which documents may be sent.

    The parties have not filed objections to the R&R, and the time to do so has expired.  See Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374  (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error for the Magistrate Judge's conclusion that dismissal is appropriate given Plaintiff's failure to respond and to provide the Court with an up-to-date address. Accordingly, the Court accepts the recommendation in part.

However, the Court concludes that dismissal without prejudice, rather than with prejudice, is appropriate. See Muncy v. G.C.R., Inc., 110 Fed. App'x 552, 556 (6th Cir. 2004) ("[T]he sanction of dismissal without prejudice is a comparatively lenient sanction . . . because the dismissed party is ultimately not irrevocably deprived of his day in court." (emphasis removed)); Carpenter v. City of Flint, 723 F.3d 700, 709 (6th Cir. 2013) (holding that lesser sanctions can include "levying a fine, barring counsel from participating in oral argument, or any other disciplinary action, even dismissal without prejudice" (brackets, quotation marks, and citation omitted)). This is particularly true given that Plaintiff's failure to respond may be due to Plaintiff's failure to provide the Court with an updated address —which would be consistent with the fact that nearly all of the recent filings — including the show cause order and the R&R —

2

have been returned as undeliverable.  See Labreck v. Stephenson, No. 14-cv-12025, 2014 WL 7273586, at *1-2 (E.D. Mich. Dec. 18, 2014) (dismissing case without prejudice due to plaintiff's failure to provide an up-to-date address to the court); Sango v. Johnson, No. 13-cv-12808, 2013 WL 4614257, at *1-2 (E.D. Mich. Aug. 29, 2013) (same); Brown v. White, No. 09-cv-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (same); see also E.D. Mich. LR 11.2 (warning that failure to keep the Court informed of address changes may result in dismissal); Notice Regarding Parties' Responsibility to Notify Court of Address Changes (Dkt. 3) (same).

Accordingly, the Court accepts in part and rejects in part the R&R (Dkt. 36).  The Court dismisses Plaintiff's Complaint without prejudice.  The Court also denies Defendants' motions to dismiss (Dkts. 21, 27) and motion to compel (Dkt. 32) as moot.  The Court will enter a judgment in favor of Defendants contemporaneously with this decision.

SO ORDERED.

Dated:  April 14, 2015            s/Mark A. Goldsmith
        Detroit, Michigan         MARK A. GOLDSMITH
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2015.

                                  s/Johnetta M. Curry-Williams
                                  Case Manager